UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


**IN RE: WEATHERFORD INTERNATIONAL LTD.**
**SECURITIES AND DERIVATIVE LITIGATION**

| | |
|---|---|
| Mike Dobina v. Weatherford International Ltd., et al., ) | |
| S.D. New York, C.A. No. 1:11-01646 ) | |
| Charles C. Weddle, III v. Duroc-Danner, et al., ) | MDL No. 2255 |
| S.D. Texas, C.A. No. 4:11-00784 ) | |


ORDER DENYING TRANSFER


**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, defendants Weatherford International, Ltd. and affiliated individuals (collectively Weatherford) move for centralized pretrial proceedings of the two above-captioned actions in the Southern District of Texas.[1] The Southern District of New York *Dobina* lead plaintiff (American Federation of Musicians and Employers' Pension Fund) opposes the motion, but if the Panel centralizes the litigation, suggests the Southern District of New York as transferee district. In the wake of the appointment of lead counsel in the *Dobina* action and the dismissal of the Central District of California *Kanchanapoom* action, plaintiff in the Southern District of Texas derivative action (*Weddle*) now supports centralization in the Southern District of New York.[2]

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions do share factual questions that arise from alleged misrepresentations or omissions in Weatherford financial statements relating to foreign taxes, and allegations by investor plaintiffs that, as a result, Weatherford's stock price was artificially inflated. There are, however, only two remaining actions in this docket. The New York court recently appointed lead plaintiff in the *Dobina* action and the parties have been directed to mediation in the Southern District of New York. As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.

---

[*] Judges Paul J. Barbadoro and Margorie O. Rendell did not participate in the decision of this matter.

[1] Weatherford's motion included an additional action, *Visut Kanchanapoom, et al. v. Weatherford International Ltd., et al.*, C.D. California, C.A. No. 2:11-01895, which was voluntarily dismissed on July 8, 2011. Accordingly, the question of inclusion of this action in Section 1407 proceedings is moot.

[2] Two other lead plaintiff movants responded to the Section 1407 motion. Pension Trust Fund for Operating Engineers supported centralization of the then pending two federal securities actions in the Southern District of New York. A consortium of three Public Retirement Systems opposed the Section 1407 motion, including inclusion of the Texas derivative action in MDL proceedings.

- 2 -

*See In re Transocean Ltd. Sec. Litig II.*, 753 F. Supp. 2d 1373 (J.P.M.L 2010); *In re Scotch Whiskey Antitrust Litig.*, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Movants have not met that burden. At oral argument, the parties stated a willingness to voluntarily cooperate in order to avoid duplication. We encourage them to pursue alternatives to Section 1407 transfer to minimize whatever possibilities may arise of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.            Barbara S. Jones